UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD E. MONTAGUE,<br><br>　　　　　　　　Plaintiff,<br>v.<br>MAINWARNING, *et al.*,<br>　　　　　　　　Defendants. | Case No. 2:22-cv-00034-RFB-VCF<br><br>ORDER |

**I.　DISCUSSION**

On December 22, 2022, the Court issued an order screening Plaintiff's first amended complaint. (ECF No. 13.) The Court allowed Plaintiff's excessive force claim to proceed and dismissed other claims without prejudice and with leave to amend. (Id. at 12-13.) The Court explained that any second amended complaint must be complete in itself and include all of Plaintiff's factual allegations and claims. (Id. at 11.) The Court also explained that Plaintiff's free exercise of religion claim in Count IV appeared to be improperly joined in this case, and that any improperly joined claims in the second amended complaint would be dismissed without prejudice. (Id. at 10.)

On February 24, 2023, Plaintiff requested an extension to file a second amended complaint, which the Court granted. (ECF Nos. 15, 16.) Plaintiff subsequently filed an incomplete complaint. (ECF No. 17.) This incomplete complaint does not include a cover letter identifying it as a second amended complaint. (Id.) Furthermore, the complaint includes only Plaintiff's free exercise of religion claim, not the excessive force claim that the Court had allowed to proceed when screening Plaintiff's FAC. (Id.) It is not clear whether Plaintiff intended to give up his excessive force claim and proceed only on his free exercise of religion claim, whether Plaintiff misunderstood the Court's directive that an amended complaint must include all his claim and inadvertently did not include his excessive force claim, or whether Plaintiff was trying to initiate a new case for his free exercise of religion claim. Because the complaint filed at ECF No. 17 is incomplete, and it is not clear what Plaintiff's intentions were when he filed it, the Court declines to accept

it as the operative complaint in this case. However, the Court will give Plaintiff an extension to file a fully complete second amended complaint if he wishes to do so.

As the Court explained in its previous order, if Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint, and any previously filed amended complaints, and, thus, the second amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint." This means, if Plaintiff does not include his excessive force claim in any second amended complaint, then that claim will not be allowed to proceed.

The Court notes that, if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in the Court's previous screening order, Plaintiff will file the second amended complaint within 45 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint, this action will proceed immediately on Plaintiff's excessive force claim against Defendants Mainwarning, Harroun, Martin, and Baras only, as determined in the Court's previous screening order.

The Court also reiterates that in any second amended complaint Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P.

20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

I. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Court does not accept the incomplete complaint filed at ECF No. 17 as the operative complaint in this case.

**IT IS FURTHER ORDERED** that the Court will give Plaintiff an extension of 45 days to file a complete second amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send Plaintiff a courtesy copy of the Court's previous screening order (ECF No. 13), Plaintiff's first amended complaint (ECF No. 14), and the complaint filed at (ECF No. 17).

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

**IT IS FURTHER ORDERED** that if Plaintiff chooses not to file a second amended complaint curing the stated deficiencies of the complaint, this action will proceed immediately on Plaintiff's excessive force claim against Defendants Mainwarning, Harroun, Martin, and Baras only, as determined in the Court's previous screening order.

DATED THIS 22nd day of May 2022.

RICHARD F. BOULWARE, II
United States District Court